**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RANDY WILLIAMS,<br><br>        Plaintiff,<br><br>      v.<br><br>SANDUVAL, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-01015-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>[ECF No. 9] |

Plaintiff Randy Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the action on July 7, 2013.  On March 7, 2014, the Court screened Plaintiff's complaint and granted Plaintiff the option of either filing an amended complaint or notifying the Court of his intent to proceed only on the claims found to be cognizable.  More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the Court's order.  As a result, there is no pleading on file which sets forth the operative claims for which Plaintiff intends to proceed. Plaintiff was warned that dismissal would occur if he failed to obey the order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

1

1    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition

2    of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine

3    (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and

4    citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must

5    be met in order for a court to take action.  Id. (citation omitted).

6           Based on Plaintiff's failure to comply with the Court's order, the Court is left with no

7    alternative but to dismiss the action for failure to prosecute.  Id.  This action can proceed no further

8    without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply

9    remain idle on the Court's docket, unprosecuted.  Id.  Accordingly,

10          IT IS HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, for

11   failure to obey a court order and failure to prosecute.

12          This Findings and Recommendation will be submitted to the United States District Judge

13   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

14   after being served with this Findings and Recommendation, Plaintiff may file written objections with

15   the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

16   Recommendation."  Plaintiff is advised that failure to file objections within the specified time may

17   waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18

19   IT IS SO ORDERED.

20     Dated:    **April 25, 2014**                    _____

21                                                     UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28