UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>SANDUVAL,<br><br>    Defendant. | Case No.: 1:13-cv-01015-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RELATING TO EXHAUSTION OF ADMINISTRATIVE REMEDIES<br><br>[ECF No. 24] |

Plaintiff Randy Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 21, 2015, Defendant Sanduval filed a motion for summary judgment relating to exhaustion of the administrative remedies. Plaintiff did not file an opposition and pursuant to Local Rule 230(*l*), the motion is deemed submitted. Local Rule 230(*l*).

## I.

## DISCUSSION

### A.   Motion for Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is

disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed.R.Civ.P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### B. Exhaustion under the Prisoner Litigation Reform Act

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner

and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in which the Court may look beyond the pleadings. Albino, 747 F.3d at 1170. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and the appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c). Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201. On January 28, 2011, the inmate appeals process was modified and limited to three level of review with provisions allowing the first level to be bypassed under specific circumstances. Cal. Code Regs. tit. 15, § 3084.7.

**C.     Allegations of Complaint**

Defendant Sanduval activated Plaintiff's prison cell door to open, without any security escort officers present and without Plaintiff first being handcuffed behind his back during this emergency prison lockdown status. Defendant Sanduval opened the prison cell door just wide enough to enable

Plaintiff to kneel down and extend his head and one arm outside the door, and instructed Plaintiff to reach out and grab his weekly supplies off the floor of the tier.

Plaintiff, acting in good faith, complied with the Defendant's instructions by kneeling down and sticking his head and one arm outside the prison cell door in an attempt to reach and grab his weekly supplies off the floor of the tier, when suddenly without any warning the prison cell door was electronically activated by Defendant Sanduval, closing on Plaintiff's head and neck area, painfully smashing Plaintiff's temple, ear and neck areas as the powerful fast moving electronic prison cell door continued to grind closed on Plaintiff's head and neck area against the door-jamb.

Plaintiff temporarily lost consciousness and upon regaining consciousness observed that the prison cell door was now partially open so that Plaintiff could remove his head, and Defendant Sanduval was laughing hilariously at Plaintiff stating, "take it like a man.  That's what happens when you put your head out the door controlled by someone other than yourself" (or something similar to that), and continued laughing and mumbling "stupid ass," "dumb fuck," "can't you read, the sign says NO WARNING SHOTS," while clutched in the throes of laughter.  Plaintiff contends there are no warning signs posted on the walls.

As a result of Defendant Sanduval closing the door on Plaintiff, his head began swelling, his ear was bleeding, and he had abrasions and damaged skin in the area where the door closed and pinned his head to the door jamb.  Plaintiff was in severe pain, had dizzy and blurred vision, had neck spasms, a throbbing headache, and vomiting.

> **D.   Statement of Undisputed Facts**[1]
>
> 1. Plaintiff Randy Williams is an inmate in the custody of the California Department of Corrections and Rehabilitation.  At all times relevant to this action, Plaintiff was housed at the Kern Valley State Prison (KVSP).  He is currently housed at Salinas Valley State Prison.

---

[1] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by defendant as undisputed.  Local Rule 56-260(b).  Therefore, defendant's statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified complaint.  Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

2. Defendant Gregory Sandoval is a correctional officer at Kern Valley State Prison.

3. Plaintiff alleges that on or about July 4, 2012, while housed at Kern Valley State Prison, he was physically hurt by Defendant Sandoval when he closed the electronic prison cell door on Plaintiff. Plaintiff alleges that Defendant Sandoval was in the control booth and that he purposely closed the door on him, causing him head and neck injuries, in retaliation for prior verbal confrontations between Plaintiff and Defendant Sandoval.

4. An inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff … having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Reg. tit. 15 § 3084.1(a). Appeals must be written on a standardized form, 30 calendar days of the occurrence of the event or decision being appealed, upon first having knowledge of the action or decision being appealed, or upon receiving an unsatisfactory departmental response to an appeal. Cal. Code Regs. tit. 15, § 3084.8(b). An appeal can be cancelled for a number of reasons, including where time limits for submitting the appeal are exceeded even though the inmate or parolee had the opportunity to submit within the prescribed time constraints. Cal. Code Regs. tit. 15, § 3084.6(c).

5. When an inmate submits an appeal, a response is due within thirty working days from receipt of the appeal. Cal. Code Regs. tit. 15, § 3084.8(c)(1) and (2). The second level must be completed before the inmate may file at the third level. Cal. Code Regs. tit. 15, § 3084.7(b). If an inmate submits an appeal, and does not receive a response within thirty working days, he can submit a CDCR 22, Inmate Request for Interview, Item or Service, to inquire about the status of the appeal. He may not, however, forward the appeal to the third level of review. (ECF No. 24-4, Decl. of S. Tallerico at ¶ 16.)

6. At KVSP, an inmate may submit an appeal by placing a completed CDCR Form 602 in the "Appeal" box. There is an "Appeal" box in every housing unit at KVSP. A first watch officer picks up the mail, which includes the appeals in the "Appeal" box, and sends the mail to the mailroom where it is sorted. The CDCR Form 602s, which are on

1
2
3
4
5
6

green paper, are separated from other mail and forwarded to the appeals office. The office staff then date stamp the appeal, confirming when the appeal was submitted. This process can take up to two days. For purposes of meeting time constraints, the date the appeal is stamped is the date it is deemed submitted. It is the inmate's responsibility to submit the appeal in a timely manner, or to explain why it was not done. (Decl. of S. Tallerico at ¶ 3; Cal. Code Regs. tit. 15, § 3084.8(a).)

7. Once the inmate appeal is date stamped, the appeals coordinator takes the appeal and it is screened for noncompliance with the requirements for submitting an appeal. If a requirement is not met, the appeal may be rejected and returned to the inmate with instructions for corrections and resubmitting the appeal. A deficient appeal may be cancelled for a notable reason. Cancellation terminates an appeal. But, a cancellation decision may itself be challenged through the appeals process. An appeal may be screened at any level of review. (Decl. of S. Tallerico at ¶ 4; Cal. Code Regs, tit. 15, § 3084.6(e).)

8. All Appeals accepted for a response are assigned a log number for tracking purposes and assigned to a staff member for review. There are three levels of review. The first and second levels are completed at CDCR's institutions. The third level constitutes the CDCR Secretary's decision, and is completed by the Office of Appeals in Sacramento. If an inmate is dissatisfied with an appeal response at one level, he may submit his appeal to the next level of review. An inmate may not bypass a level of review. Also, it is the inmate's responsibility to mail an appeal to the Sacramento Office of Appeals for a third level review. A third-level response completes the appeal process and exhausts administrative remedies.

9. The Appeals Tracking System shows no appeal submission by Plaintiff in the months of July and August 2012. (Decl. of S. Tallerico at ¶ 8.)

10. On March 11, 2013, Plaintiff submitted an appeal, log number KVSP-0-13-00716 (13-00716), but dated the appeal August 12, 2012. That appeal complained about actions by Defendant Sandoval on or about July 14, 2012. The appeal was cancelled on March

6

|   |   |   |
|---|---|---|
| 1 | | 14, 2013, for failing to meet time constraints because Plaintiff waited eight months to |
| 2 | | submit the appeal.  (Decl. of S. Tallerico at ¶ 10.) |
| 3 | 11. | Plaintiff appealed the cancellation of appeal number 13-00716 by submitting another |
| 4 | | appeal, log number KVSP-0-1301007 (13-01007), on April 8, 2013.  (Decl. of S. |
| 5 | | Tallerico at ¶ 11.)  Appeal log number 13-01007 was rejected and returned to Plaintiff |
| 6 | | on April 16, 2013, because he failed to attach the original appeal number 13-00716 as |
| 7 | | required by the regulations.  (Id. at ¶ 11.)  Plaintiff had thirty calendar days to resubmit |
| 8 | | the appeal and correct the deficiency with the appeal.  Cal. Code Regs. tit. 15, § |
| 9 | | 3084.6(a)(2).  On May 20, 2013, thirty four days later, Plaintiff resubmitted appeal |
| 10 | | number 13-01007, attaching a copy of 13-00716.  On May 29, 2013, the appeal was |
| 11 | | again rejected noting that Plaintiff needed to attach the original appeal, not a copy. |
| 12 | | Plaintiff was also instructed to explain why the resubmitted appeal was untimely as he |
| 13 | | exceeded the thirty day requirement set forth in the regulations.  (Decl. of S. Tallerico |
| 14 | | at ¶ 11.) |
| 15 | 12. | On July 22, 2013, fifty four days later, Plaintiff resubmitted appeal number 13-01007. |
| 16 | | Plaintiff noted that he attached the original appeal number 13-00716, and that appeal |
| 17 | | number 13-01007was timely because according to him he resubmitted it on May 13, |
| 18 | | 2013, and not May 20, 2013.  Appeal number 13-01007 was rejected and sent back on |
| 19 | | July 24, 2013, advising Plaintiff that he exceeded time limits for submitting appeal |
| 20 | | number 13-00716, and he exceeded time limits in returning appeal number 13-01007. |
| 21 | | He was, however, given one more opportunity to explain why he exceeded the time |
| 22 | | limits.  (Decl. of S. Tallerico at ¶ 12.) |
| 23 | 13. | On August 7, 2013, Plaintiff resubmitted appeal number 13-01007.  He reiterated the |
| 24 | | dates that he dated his appeals.  At that point, the appeal was cancelled for exceeding |
| 25 | | time limits and Plaintiff's failure to give a reasonable explanation for why he was |
| 26 | | untimely.  On the screening form, Plaintiff was advised that the reason for cancelling |
| 27 | | the appeal was his failure to submit the appeal in a timely manner even though he had |
| 28 | | the opportunity to do so.  (Decl. of S. Tallerico at ¶ 13.) |

14. On September 3, 2013, Plaintiff submitted a new appeal, log number KVSP-0-13-02423 (13-02423), appealing the cancelation of appeal number 13-01007. Appeal number 13-02423 was denied because Plaintiff exceeded the time constraints for appeal number 13-01007, and he failed to five a reasonable explanation for his untimeliness. (Decl. of S. Tallerico at ¶¶ 13, 14.) Plaintiff sought review of appeal number 13-02423 at the third and final level of review. The appeal was denied. (Id. at ¶ 14.)

15. The third level decision denying appeal number 13-02423 exhausted Plaintiff's administrative remedies with respect to the cancellation of appeal number 13-01007. It did not, however, exhaust his administrative remedies with respect to his allegations of staff misconduct by Defendant Sandoval because that appeal was rejected as untimely, thus, unexhausted. (Decl. of S. Tallerico at ¶ 15.)

16. Plaintiff submitted fourteen inmate appeals between December 2005 and October 2011. Four of those appeals were accepted and two went all the way through the third and final level of review. This demonstrates that Plaintiff had an understanding of the inmate appeals process. (Decl. of S. Tallerico at ¶ 17.)

E.  Findings

Defendant moves for summary judgment on the ground that the undisputed evidence demonstrates that Plaintiff failed to adhere to the prison's administrative grievance process, and in doing so, failed to exhaust his administrative remedies. Specifically, Plaintiff delayed eight months before attempting to initiate the administrative grievance process. Prison officials properly cancelled his untimely inmate grievance, thus, the issues are not exhausted.

Plaintiff attempted to submit inmate grievance number KVSP-0-13-00716 (13-00716), on March 11, 2013, challenging the incident he alleges took place on July 4, 2012. Pursuant to the applicable regulations, Plaintiff had thirty days to submit his grievance. Cal. Code Regs. tit. 15, § 3084.8(b). Plaintiff failed to comply with the deadlines by submitting the appeal eight months after the incident he complains of, which was untimely and properly cancelled. See Woodford, 548 U.S. at 90-91. There is no evidence that Plaintiff attempted to submit an inmate grievance any sooner. It is the inmate's responsibility to submit the appeal in a timely manner, or to explain why it was not done.

8

(Decl. of S. Tallerico at ¶ 3; Cal. Code Regs. tit. 15, § 3084.8(a).)  A deficient appeal may be cancelled for the reasons specified in the regulations, including for submitting an untimely appeal. Cal. Code Regs. tit. 15, § 3084.6(c)(4).  Cancellation terminates an appeal.  However, a cancellation decision may itself be challenged through the appeals process. (Decl. of S. Tallerico at ¶ 4; Cal. Code Regs. tit. 15, § 3084.8(a).)

It was determined that Plaintiff failed to comply with the time constraints and Plaintiff did not provide a reasonable explanation as required by prison regulations.  Pursuant to prison regulations, Plaintiff appealed the cancellation of appeal number 13-00716 by submitting appeal log number KVSP-0-13-01007 (13-01007) on April 8, 2013.  The second appeal was rejected on April 16, 2013, and returned to Plaintiff because he failed to attach appeal number 13-00716 as required by the administrative process.  (Decl. of S. Tallerico at ¶ 11.)  Plaintiff had thirty days to correct the deficiency and resubmit the appeal.  However, Plaintiff waited until May 20, 2013, thirty-four days later, to resubmit the appeal, which was untimely and still deficient because he attached a copy of appeal number 13-00716 and not the required original.  (Id.)  The appeal was again rejected and returned to Plaintiff on May 29, 2013, noting the deficiencies and giving Plaintiff another opportunity to correct them and explain why he delayed in resubmitting the appeal.  (Id.)  Plaintiff resubmitted that appeal fifty-four days later, on July 22, 2013.  (Id. at ¶ 12.)  Appeal number 13-01007 was again rejected and sent back to Plaintiff with one more opportunity to explain why he exceeded the time limits.  (Id.)  On August 7, 2013, Plaintiff resubmitted appeal number 13-01007.  Plaintiff failed to provide a reasonable explanation for his delays, despite numerous opportunities to do so, and the appeal was cancelled for exceeding the time limits.  (Id. at ¶ 13.)

Defendant has met his initial burden of demonstrating that Plaintiff failed to exhaust the administrative remedies as to the substance of his claim, and the burden now shifts to Plaintiff to demonstrate that there are truly genuine and material disputes over whether he actually exhausted available remedies or as to whether he should be excused from the exhaustion requirement.  Plaintiff has failed to file an opposition to Defendants' present motion and there is no evidence before the Court to rebut Defendants' motion for summary judgment.  Plaintiff's verified complaint alleges only

that "Plaintiff has duly exhausted all available prison administrative remedies in compliance with the requirements of Title 42 U.S.C. 1997e(a)." (ECF No. Compl. at 2 ¶ 3.)[2]

Plaintiff's grievance number 13-00716 was untimely and fails to satisfy the PLRA's exhaustion requirement. See Woodford, 548 U.S. at 95 (the Supreme Court explained that "a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file one time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court. And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the grievance on procedural grounds. We are confident that the PLRA did not create such a toothless scheme.") Even though Plaintiff appealed the cancellation through the third level of review, he did not properly exhaust his administrative remedies on the substantive claim asserted herein, and Defendant's motion for summary judgment should be granted. Id.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion for summary judgment for failure to exhaust the administrative remedies be GRANTED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may

///

///

---

[2] Although Plaintiff did not file an opposition to Defendant's motion, since his complaint is verified, the Court should construe it as an opposing affidavit under Federal Rule of Civil Procedure 56, insofar as it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **March 27, 2015**

UNITED STATES MAGISTRATE JUDGE